TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN M. ARKOW
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6975
     Facsimile: (213) 894-6269
     E-mail:    steven.arkow@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 12-467(A)-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND POSITION RE: SENTENCING OF DEFENDANT AVIV MIZRAHI |
| v. | |
| AVIV MIZRAHI (#1), | **Sentencing: April 29, 2021** |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Steven M. Arkow, files the Government's Objection to the Presentence Investigation Report and Positon Re: Sentencing of Defendant Aviv Mizrahi.

The government's position is based upon the attached memorandum of points and authorities, the plea agreement (CR 38), the files and

//

records in this case, the Presentence Investigation Report (CR 60), and such further evidence and argument as the Court may permit.

Dated: April 2, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/ Steven M. Arkow*

STEVEN M. ARKOW
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                          Page

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.   INTRODUCTION AND OBJECTION TO THE PRESENTENCE INVESTIGATION
     REPORT..........................................................1

II.  ADVISORY SENTENCING GUIDELINES..................................2

III. GOVERNMENT'S SENTENCING RECOMMENDATION AND ANALYSIS OF THE
     SECTION 3553(a) FACTORS.........................................4

     A.   18 U.S.C. § 3553 (a)(1)....................................5

     B.   18 U.S.C. § 3553(a)(2).....................................6

IV.  CONCLUSION......................................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION AND OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

On January 21, 2021, defendant Aviv Mizrahi ("defendant") pleaded guilty, pursuant to a plea agreement (CR 38), to count two of the First Superseding Indictment, charging a violation of 18 U.S.C. § 1344 (Bank Fraud) filed on January 30, 2014 (CR 11).

The United States Probation & Pretrial Services Office ("Probation Office") issued its Presentence Investigation Report ("PSR") on March 25, 2021 (CR 60). In the PSR, the Probation Office calculated a total offense level of 30,[1] including a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) and a criminal history category of I based on zero criminal history points (CR 60 ¶¶ 49, 54), which is consistent with the plea agreement (CR 38), except for the PSR adding a two-level enhancement for sophisticated means pursuant to § 2B1.1(b)(8)(C)--which government objects to--resulting in a guidelines range of 97-121 months (PSR ¶ 90).

The Probation Office has not identified any factors that warrant a departure from the applicable guidelines range, but has identified defendant's background and characteristics and the parties' agreement as factors that warrant a sentence below the advisory guidelines system (PSR ¶¶ 103-04) and, accordingly, recommends a downward variance to a sentence of 48 months, the same custodial sentencing recommendation as the parties' plea agreement. (CR 59, Probation

---

[1] The PSR and the parties in the plea agreement use the edition of the United States Sentencing Guidelines in effect at the time of defendant's offense (the manual in effect as of November 5, 2003). (PSR ¶ 33; CR 38 at 9, n.1).

Disclosed Recommendation Letter at 2).  Notwithstanding the government's objection to the PSR adding this enhancement, the government concurs with the Probation Office's ultimate recommendation regarding a custodial sentence of 48 months.

The government also notes what appears to be a typographical error regarding a description of the components of the loss suffered by TomatoBank (PSR ¶ 30, n.2).  The restitution amount is correct.  However, the figure of $427,483.14 does not include "the interest owed on the loan," but includes the principal balance owed on the loan, attorney services, security (investigation) services, and court-appointed receiver fees.  The correct formulation of the components of this restitution figure excludes interest, and the correct description is stated elsewhere in the PSR.  See PSR ¶ 100, n. 3 ("This figure [$427,483.14] includes the principal balance owed on the loan, attorney services, security (investigation) services, and court-appointed receiver fees.").

**II.   ADVISORY SENTENCING GUIDELINES**

The government submits that defendant's advisory sentencing guidelines calculations are those set forth by the parties in the plea agreement, which are consistent with and supported by the PSR, excepted as noted above regarding the two-level enhancement for sophisticated means.  In accord with the calculations of the plea agreement (CR 38 at page 9, ¶ 13), defendant's guidelines offense

level is 28,[2] prior to any variance, resulting in an advisory guidelines range of 78-97 months.

| | | | |
|---|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) | |
| Specific Offense Characteristics | | | |
| Loss between $20-$50 million: | +22 | U.S.S.G. § 2B1.1(b)(1)(L) | |
| More than $1 million obtained from financial institution | +2 | U.S.S.G. § 2B1.1(b)(12)(A) | |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a), (b) | |
| Total Offense Level: | 28 | | |

In accord with the plea agreement, the government recommends a downward five-level variance to an offense level of 23, resulting in an advisory guidelines range of 46-57 months. As discussed below, pursuant to the plea agreement, the governments recommends a sentence of 48 months based on a number of factors relating to defendant's background and characteristics, and family and medical circumstances.

---

[2] The PSR added a two-level enhancement for sophisticated means pursuant to § 2B1.1(b)(8)(C). This enhancement applies where the offense involved "sophisticated means," that is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." See § 2B1.1(b)(8)(C), App. Note 7(B). The government objects to this enhancement and stands by the guidelines calculation in the plea agreement which calculation does not include this enhancement. In the plea agreement, the parties "agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense be imposed." (CR 38 at 9). The government therefore objects to the PSR's inclusion of this enhancement and corresponding calculation of defendant's offense level of 30 and advisory guidelines range of 97-121 months, prior to any variance; instead, defendant's offense level should be 28, resulting in an offense level of 78-97 months, prior to any variance. Notably, the PSR's inclusion of this enhancement does not make a difference in the custodial sentencing recommendation from the Probation Office, namely, 48 months, and does result in a different custodial recommendation than the government and defendant stipulated to and recommended in the plea agreement, namely, 48 months.

**III. GOVERNMENT'S SENTENCING RECOMMENDATION AND ANALYSIS OF THE SECTION 3553(a) FACTORS**

The government recommends that defendant be imprisoned for a term of 48 months, taking into account Section 3553(a) factors, as discussed below.

The seriousness of the overall scheme, the magnitude of the loss, and that the offense involved numerous and repeated acts by defendant to fraudulently obtain loans from three banks weigh in favor of imposing a substantial custodial sentence of 48 months.

While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must then be considered with the factors set forth in 18 U.S.C. § 3553 (a). See United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006). "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006)).

The Section 3553(a) factors are as follows:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for the sentence imposed –
   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>    (B)  To afford adequate deterrence to criminal conduct;
>    (C)  To protect the public from further crimes of the defendant; and
>    (D)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> 3) The kinds of sentences available;
> 4) The kinds of sentence and the sentencing range established for the offense and the defendant as set forth in the Sentencing Guidelines;
> 5) Any pertinent policy statement issued by the Sentencing Commission;
> 6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> 7) The need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a). The government believes that the factors set forth in 18 U.S.C. § 3553(a) suggest custody of 48 months and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2), discussed further below. 18 U.S.C. § 3553(a).

**A.  18 U.S.C. § 3553 (a)(1)**

18 U.S.C. § 3553 (a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant. These factors warrant a sentence of 48 months imprisonment.

5

By providing false and fraudulent information and documents to obtain loans for his companies, defendant's criminal conduct was integral to a bank fraud scheme to defraud three victim banks out of loan proceeds totaling more than $30,000,000. The scheme occurred over an extended period of years from February 2004 to June 2008. Taking into account the extent and scope of the fraud, the high amount of loss, and defendant's receipt of the funds as the president of the companies, which factors are accounted for the advisory guidelines calculations, a 48-month sentence of imprisonment is appropriate as sufficient but not greater than necessary sentence to accomplish the goals of sentencing.

**B.  18 U.S.C. § 3553(a)(2)**

18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of defendant, and to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The government respectfully submits that a sentence of 48 months (1) will appropriately reflect the seriousness of the offense and promote respect for the law; (2) will deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) will serve to protect the community.

By requiring defendant to spend 48 months in custody, the Court will impress upon defendant the seriousness of his crimes and will give defendant time to reconsider his actions in light of the consequences.

In mitigation, and supporting the downward variance recommended by both: (1) the government and defendant in the plea agreement and (2) the PSR recommendation for a custodial sentence of 48 months are the following factors: (a) defendant's early and extraordinary acceptance of responsibility, including, but not limited to, his agreement to proceed by way of VTC for all court proceedings, his waiver of extradition before the Israel Supreme Court; (b) defendant's family and medical circumstances and family needs, particularly, confronting his wife and children that are described in greater detail (see PSR at ¶¶ 67-69) and which are supported by medical reports and letters that defendant provided to the government and the Probation Office; and (c) defendant's low likelihood of recidivism.

**IV. CONCLUSION**

Based on the foregoing reasons, the government respectfully requests that the Court:

a)   find that defendant's advisory guidelines offense level is 28 and that a five-level downward variance is warranted, consistent with the plea agreement, resulting in a sentencing range of 46-57 months;

b)   impose a sentence of 48 months in custody, consistent with the plea agreement and the recommendation of the Probation Office, to be followed by four years of supervised release, as recommended by the Probation Office, with the special conditions recommended by the Probation Office (see CR 59, Probation Disclosed Recommendation Letter at 6-7); and

c)   order payment of: (1) restitution in the amount of $29,695.307.14; and (2) a $100 special assessment for the count of conviction.

**CERTIFICATE OF SERVICE**

I, Tania Godfrey, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by e-mail described in this Certificate was made; that on April 2, 2021, I served a copy of:

**GOVERNMENT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND POSITION RE: SENTENCING OF DEFENDANT AVIV MIZRAHI**

and that service was by email to:

**Coleen L Ghaffari
USPO Los Angeles, California
Coleen_Ghaffari@cacp.uscourts.gov**

This Certificate is executed on April 2, 2021, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

/s/
_____
Tania Godfrey
Legal Assistant